# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMES D. MONTGOMERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **THE BOARD OF TRUSTEES OF** | ) | |
| **ALABAMA AGRICULTURAL** | ) | |
| **& MECHANICAL UNIVERSITY;** | ) | |
| **DR. ANDREW HUGINE,** | ) | |
| **President, Alabama A & M** | ) | |
| **University in his individual and** | ) | |
| **official capacities; DR.** | ) | |
| **JEROME B. WILLIAMS,** | ) | |
| **in his individual and official** | ) | |
| **capacities as a member of the** | ) | |
| **Board of Trustees of the Alabama** | ) | |
| **A&M University; ANDRE** | ) | |
| **TAYLOR, in his individual and** | ) | |
| **official capacities as a member of** | ) | |
| **the Board of Trustees of the** | ) | |
| **Alabama A & M University;** | ) | |
| **CHRIS ROBINSON, in his** | ) | |
| **individual and official capacities** | ) | |
| **as a member of the Board of** | ) | |
| **Trustees of the Alabama A & M** | ) | |
| **University; KEVIN BALL, in his** | ) | |
| **individual and official capacities** | ) | |
| **as a member of the Board of** | ) | |
| **Trustees of the Alabama A & M** | ) | |
| **University; PERRY D. JONES,** | ) | |
| **in his individual and official** | ) | |
| **capacities as a member of** | ) | |
| **the Board of Trustees of the** | ) | |

**Alabama A & M University;**                    )
**VELMA TRIBUE, in her**                         )
**individual and official capacities**           )
**as a member of the Board of**                  )
**Trustees of the Alabama A & M**                )
**University; DR. HATTIE M.**                     )
**MYLES, in her individual and**                 )
**official capacities as a member of**           )
**the Board of Trustees of the**                 )
**Alabama A & M University;**                     )
**GINGER HARPER,  in her**                        )
**individual and official capacities**           )
**as a member of the Board of**                  )
**Trustees of the Alabama A & M**                )
**University; and OLIVER L.**                     )
**ROBINSON, an individual,**                      )
                                                 )
        **Defendants.**                           )

## COMPLAINT

**COMES NOW** the Plaintiff, James D. Montgomery, by and through his

attorneys of record, and for his Complaint against the Defendants, states as follows:

## PARTIES,  JURISDICTION AND VENUE

1.     Plaintiff, James D. Montgomery ("Montgomery"), is an adult male

resident of the State of Alabama and Madison County.

2.     Defendant the Board of Trustees of Alabama Agricultural and

Mechanical University ("the University," "the Board" or "A & M"), is, upon

information and belief, comprised of officials who are responsible for policy and

2

governance of Alabama A & M University.

3. In addition to the Board of Trustees, Plaintiff has named the Individual Trustees of the University in their individual capacities, including Kevin Ball, Ginger Harper, Dr. Hattie Myles, Chris Robinson, Andre Taylor, Velma J. Tribue, and Dr. Jerome B. Williams in their individual and  official capacities (hereinafter "Defendants, Individual Trustees in their Individual and Official Capacities"), as well as Dr. Andrew Hugine, President in his individual and official capacities.  These individuals were responsible for the governance and policy of Alabama A & M University at all times relevant herein.

4. In addition, Oliver L. Robinson, a former Representative of the state of Alabama, is named as a Defendant herein due to his defamatory communications about Plaintiff to President Pro Tempore Andre Taylor, all Board members, and the Governor's office.

5. The Defendants are located and/or doing business within this judicial district and division.  This action is brought within the judicial district wherein the unlawful practices were committed, making venue proper under 28 U.S.C. § 1391(b).

6. This Court has jurisdiction by virtue of federal question jurisdiction inasmuch as some of the claims arise under 42 U.S.C. § 1983 and the Constitution of the United States. U.S. Const. Art. 3, § 2; 28 U.S.C. § 1331.  In addition, this Court

has supplemental jurisdiction over the two state law claims inasmuch as those claims

are so related to the federal claim that they are part of the same case or controversy.

28 U.S.C. § 1367(a).

## STATEMENT OF FACTS

7.    Plaintiff, James D. Montgomery, is currently a member of the Board of

Trustees of Alabama Agricultural & Mechanical University, having been most

recently appointed to that position by Governor Robert Bentley in February of 2014.

His current term runs until January 31, 2020.   He is one of 11 Board members.

8.    Plaintiff was originally appointed to the Board in 2006.  In that year,

he was appointed Chair of the Business and Finance Committee; in 2007, he was

appointed to the position of Chair, Academic Affairs.  He served on both committees

until 2009.

9.    When O.D. Lanier became the Chairman of the Board in 2009, Plaintiff

was no longer appointed to any Board committee.

10.    In July of 2009, Dr. Andrew Hugine began to serve as President of the

University.

11.    In August of 2009, Kevin Rolle was hired and served as Executive Vice

President under Dr. Hugine.  Mr. Rolle should have been disqualified because, as

Plaintiff learned later, he had already filed bankruptcy and, at the time he became a

4

Board member, he was on probation for a prior DUI infraction. Both of these factors should have caused him not to be eligible to serve on the Board. He was ushered into the spot, however, by Dr. Andrew Hugine, Jr., President of the University.

12.     During his tenure as a Board member, Plaintiff has from time to time brought to the Board's attention certain financial and ethical improprieties. In addition, Plaintiff has spoken publicly, and he has been quoted by members of the press in various articles, on matters of public concern regarding certain financial transactions and improprieties affecting Alabama A & M University, a public body in the state of Alabama.

13.     Specifically, during the period from 2009 through 2015, Plaintiff learned of various questionable financial expenditures, include a payment of $6500 to Kevin Rolle for purported moving expenses. Plaintiff questioned this expenditure repeatedly, but he was rebuffed and squelched by Hugine and other Board members for his discussion of same. In addition, Plaintiff repeatedly questioned the requirement of paying private auditors $75,000 per month when it appeared that they never made any adverse findings or recommendations, nor any promulgated compliance directives.

14.     As a result of what appeared to be ongoing financial improprieties, in 2014, Plaintiff requested that Ron Jones, Alabama's Chief Examiner of Public

Accounts, send an auditor to audit the University's finances.

15.     The report of the public audit was announced in January of  2015.  In that report, the auditors of Public Accounts found that the receipt for $6500 submitted by Kevin Rolle was fraudulent.  In addition, unlike the private auditors, as Plaintiff had complained, the state of Alabama auditors made several findings, and also made numerous recommendations to the University to  achieve compliance.  The office of public examiners of the State of Alabama turned over their audit report to the Alabama Attorney General.

16.     Both before and after the state auditors' report, Plaintiff had spoken out regarding this issue, and other improprieties, to the Board, to the University president, and to the University legal office, as well as to various members of the press.

17.     Even after the finding by the Chief Examiner of Public Accounts, Kevin Rolle  advised Plaintiff that "everything was okay" and Hugine insisted that Plaintiff cease to talk about the issue.

18.     In October of 2015, Kevin Rolle was indicted for theft and possession of a forged instrument in connection with the aforementioned receipt turned into the Board of Trustees of the University for reimbursement in the amount of $6500.  In the press articles announcing Rolle's arrest, it was noted that "the moving expenses have

long been a source of concern for trustee James Montgomery, who repeatedly brought the issue up in board meetings over the years."

19.     Despite the ongoing anomalies in the finances of the University, in October of 2015, the Board approved the renewal of the contract of Dr. Hugine. Plaintiff objected to this renewal of the contract.   Plaintiff spoke out about how the renewal was handled, asserting that the renewal was not done in accordance with the bylaws of the Board.  On November 4, 2015, Plaintiff complained to the Governor's office, and others, regarding the illegality in the manner in which the subject was raised in the Board meeting of October 30, 2015.

20.     The Governor's office then looked into the allegations of the renewal of Dr. Hugine's contract and requested certain information from the Board in that regard.

21.     Plaintiff had previously objected to the prior contract between Hugine and the University inasmuch as it had never been approved by the Board, having only been signed off on by O.D. Lanier.

22.     In connection with the state examiners' audit, the Examiner had made 14 findings against the University, the subject matter of many of which had previously been pointed out by Plaintiff to the others on the Board, the press, the President's office and the Governor's office.

23.     Later, Dr. Hugine attempted to rebut each of the audit's 14 findings.

Plaintiff publicly objected to the rebuttals.  Then, the Board of Trustees, despite disagreement by Plaintiff, passed a resolution which supported Hugine's rebuttal of the 14 findings.  Plaintiff believes, and believed at the time, that the purpose of the resolution was simply to insulate Mr. Rolle and Dr. Hugine from any adverse action due to the findings.  Plaintiff then publicly called for the rescission of the resolution.  He also requested that the Board members who had voted in favor of the resolution be asked to resign.   The Board failed to take up his requests.

24.   On October 25, 2015, Plaintiff again spoke out on a matter of public concern when he contacted the press and the Governor's office regarding his request that the resolution which supported Hugine's rebuttal of the 14 serious findings be rescinded.  Within those communications, he also pointed out that within the findings the public auditor had noted the lack of internal controls.  Plaintiff stated that such an adverse finding was particularly troublesome given the fact that the University had for years retained its own auditors and had paid them in excess of $65,000 per month for their services; yet, the private auditors had wholly failed to ever make recommendations for internal controls.

25.   On other occasions the Plaintiff had spoken out about Dr. Hugine's failure to administer the Trust for Education Excellence consistent with the court decree that governed it.

26.    As a result of Plaintiff's speaking out on matters of public concern, some of the Board members began a campaign of harassment against him.   Articles were published accusing him of being against HBCU colleges.  Nothing could be further from the truth.  All of Plaintiff's concerns have been motivated by his attempt to eliminate financial improprieties and his continuous attempts to promote effective and efficient stewardship of the University's resources, something that has been woefully lacking under the Hugine administration.

27.    Plaintiff had been harassed earlier in 2015.  He received letters from the Alabama Ethics Commission accusing him of misconduct in a prior political campaign in Anniston, Alabama.  Those letters were forged and were false and were designed to inflict emotional distress on Plaintiff.   When Plaintiff wrote to the Ethics Commission in response to those letters, the Ethics Commission advised at that time that there were no pending ethics complaints against him.

28.    When Plaintiff attempted to point out the financial irregularities and financial excesses of the Hugine administration, he was falsely accused of trying to close Historic Black Colleges and Universities in Alabama.

29.    Then, on November 16, 2015, a letter was sent by State Representative Oliver Robinson  to Trustee Andre Taylor, accusing Plaintiff of rude and disruptive behavior involving alcohol.   The letter constituted a publication that contained

knowingly false and defamatory material pertaining to Plaintiff. Besides being defamatory and severely harming Plaintiff's reputation, it was clearly done in retaliation for Plaintiff's speaking out on matters of public concern regarding holding Hugine's administration accountable.

30.     In August of 2011, the Board of Trustees, against the approval of Plaintiff, updated its Bylaws. The amendment to the Bylaws included, for the first time, a "Code of Conduct" applicable to members of the Board. That addition to the bylaws was not sanctioned or allowed by the Alabama Legislature, which is the governing body that prescribes what actions A & M's Board of Trustees is allowed to take in accordance with Title 16 of the Alabama Code, Chapter 49.

31.     Chapter 49 does not authorize the Board to take any action or to exercise any authority over any of its members. Only the Governor of the State of Alabama has the constitutional authority to remove a board member for acts that are criminal in nature.

32.     Plaintiff brought this fact to the Board's attention on numerous occasions, as well as to the attention of University counsel, and members of the press, to no avail.

33.     In December of 2015, Plaintiff requested certain documents of Dr. Hugine in connection with his ongoing attempt to hold the Hugine administration

10

accountable with respect to finances. On October 30, 2015, Plaintiff requested from Dr. Hugine and Andre Taylor, President Pro Tempore, a copy of all contracts that Dr. Hugine had signed and given to members of University staff.  Plaintiff was thereafter responded to by Jerome B. Williams, board member, who advised Plaintiff that he would have to seek the approval of all board members before he would be able to receive the contracts.

34.    Plaintiff was then rebuffed by several Board members and, to date, his requests have been denied.  Those rejections are invalid inasmuch as the documents constitute information open to the public and are required to be disclosed to any taxpaying citizen of the state of Alabama.

35.    Plaintiff also raised concerns regarding certain board members being ineligible to serve on the A & M Board.  Specifically, after having brought these matters to the attention of the Board without resolution, Plaintiff pointed out the potential violations to the Governor's office, one being the potential illegality of Board member Hattie Myles serving both as a Board member of A & M while at the same time serving as an Assistant Dean of the University of South Alabama, and the other being the potential conflict of interest of Perry Jones who was contemporaneously serving on both the A & M Board and on a corporate board of a major company doing business with the University.

11

36.     The response to Plaintiff by Hugine and the other members of the Board was to harass him and accuse him of operating outside of protocol by contacting the Governor's office and others.  They falsely accused him of not working in a "cooperative spirit" to advance the mission of the University.  Plaintiff had, in fact, repeatedly worked within the system, continuously bringing these issues to the Board, to no avail.  It was only after repeated attempts to do so with either no response, or a negative response, that Plaintiff was forced to communicate with the press and with the Governor's office to attempt to get these matters addressed.

37.     Plaintiff was also responded to in a most inappropriate manner when Hugine accused Plaintiff of being "harassing and intimidating" by making the aforesaid requests for information.

38.     In January of 2016, a second audit report was issued by the state examiners in which it found that many of the findings issued in the initial audit had yet to be corrected.  The findings were in direct conflict with Hugine's representations to the Board in June of 2015.

39.     Plaintiff spoke out again to the press upon the revelation of the audit findings.  Within that context, he stated that he was disappointed with the manner in which the school's money has been handled.  He also decried the lack of members of the alumni on the Board (there were not sufficient numbers to be in compliance with

state law), as well as the fact that Alabama A & M University is the only public institution in the state of Alabama that had a majority of its power stripped away and put in the house of the school's president.

40.   On January 1, 2016, Board member Kevin Ball published a memorandum regarding a proposed censure of Plaintiff.

41.   Then, on February 16, 2016, the Board voted on a resolution in favor of the censure of Plaintiff.  Such censure was done in retaliation for Plaintiff's speaking out on matters of public concern.   Further, such censure was outside the authority of the Board and no such action by the Board has ever been prescribed or authorized by the Alabama legislature.

42.   In further retaliation, Defendant Jerome B. Williams, on behalf of himself and the remaining members of the Board and Hugine, also submitted a letter to the Alabama Ethics Commission complaining of purported ethics violations by Plaintiff.  The ethics violations charged Plaintiff falsely with harassment  as well as false claims that Plaintiff was "demand[ing that] the university award contracts worth millions of dollars through a business partner."  Those charges were knowingly and utterly false, malicious, and wholly unfounded, and constituted both defamation and a violation of the Alabama ethics statute.

**COUNT ONE**
**§ 1983 RETALIATION (FIRST AMENDMENT)**
**ALL A & M BOARD MEMBERS AND DR. HUGINE IN THEIR**
**OFFICIAL AND INDIVIDUAL CAPACITIES**

43.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

44.     In taking the above-described actions of removing Plaintiff from Board committees, censuring him and bringing knowingly false ethics charges against Plaintiff and circulating the false ethics charges to the press, the individual Board Defendants and Hugine intentionally and willfully retaliated against Plaintiff for his Constitutionally-protected speech under the First Amendment.

45.     The Plaintiff's Constitutionally-protected speech regarded matters of public concern .

46.     Said speech played a substantial part in the individual Board Defend-ants' and Hugine's decision to censure the Plaintiff and to report him to the Ethics Commission for false and defamatory ethics charges.

47.     As a proximate consequence of the Defendants' intentional and knowing violation of Plaintiff's First Amendment rights, the Plaintiff has suffered and will continue to suffer damage to his professional life, career opportunities, harm to his reputation, emotional pain, inconvenience, mental anguish, loss of enjoyment of life,

14

and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands the following relief:

(a)   Injunctive relief;

(b)   Compensatory damages, as to the individual Board Defendants in their individual capacities only;

(c)   Interest, as to the individual Board Defendants in their individual capacities only;

(d)   Attorneys' fees, as to the individual Board Defendants in their individual capacities only;

(e)   Costs, as to the individual Board Defendants in their individual capacities only;

(f)   Punitive damages, as to the individual Board Defendants in their individual capacities only; and

(g)   Such other legal or equitable relief to which Plaintiff may be entitled.

**COUNT TWO**
**DEFAMATION**
**(ALL INDIVIDUAL DEFENDANTS IN THEIR**
**INDIVIDUAL CAPACITIES)**

48.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

49.     Defendant Robinson misrepresented to members of the Board in a letter that Plaintiff was disorderly and disruptive in connection with alcohol being served at an event.

50.     Defendant Ball, other members of the Board, and Dr. Hugine censured the Plaintiff and filed ethics charges against Plaintiff that were wholly false and unwarranted.  The Board members and Dr. Hugine acted in their individual capacities in doing so inasmuch  as such actions and publications were not within their authority under the enabling legislation that applies.

51.     The aforementioned activity by all individual Defendants in this case are oral and written statements that libeled and slandered the Plaintiff.

52.     Plaintiff's reputation was damaged as a direct and proximate result of individual Defendants' defamation: Plaintiff was exposed to and experienced disgrace, ridicule, and contempt in the estimation of his friends, acquaintances, and the public.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a).     Compensatory damages for loss of wages, mental anguish, emotional distress and embarrassment, both past and future, as to the individual Defendants in their individual capacities only;

16

(b)    Punitive damages, as to the individual Board Defendants in their individual capacities only;

(c)    Attorneys' fees, as to the individual Board Defendants in their individual capacities only;

(d)    Costs, as to the individual Board Defendants in their individual capacities only;

(e)    Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate making the Plaintiff whole.

## COUNT THREE
## VIOLATION OF ALA. CODE § 36-25-24
## (DR. JEROME B. WILLIAMS, DEFENDANT, IN HIS INDIVIDUAL CAPACITY)

53.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

54.    In taking the actions set forth in Paragraph 42 above, Defendant Williams violated ALA. CODE § 36-25-24 (c).  The charges filed with the Alabama Ethics Commission by him against Plaintiff, a public official or a public employee was made without a good faith basis for believing the complaint to be true.

55.    As a result of the violation of ALA. CODE § 36-25-24( c), Plaintiff has suffered severe emotional distress along with harm to his reputation, loss of career opportunities, disgrace, ridicule, ostracism and contempt in the estimation of his friends, peers, acquaintances, and the eyes of the public.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the

following relief:

(a)     Injunctive relief; and

(b)     Such other legal or equitable relief as may be appropriate to effectuate making the Plaintiff whole and/or as allowed by the subject statute.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

**Respectfully submitted,**

**/s/ John D. Saxon**
**John D. Saxon**
**Alabama Bar No. ASB-3258-071J**
**Donna Smith Cude**
**Alabama Bar No. ASB-7680-W18A**
**Attorneys for Plaintiff**

<u>OF COUNSEL:</u>

JOHN D. SAXON, P.C.
**2119 Third Avenue North**
**Birmingham, AL 35203**
**Tel:       (205) 324-0223**
**Fax:       (205) 323-1853**
**Email:    jsaxon@saxonattorneys.com**
**           dcude@saxonattorneys.com**

<u>PLAINTIFF'S ADDRESS:</u>

**JAMES D. MONTGOMERY**
**c/o John D. Saxon, P. C.**
**2119 Third Avenue North**
**Birmingham, Alabama 35203**

<u>PLEASE SERVE THE FOLLOWING DEFENDANTS</u>
<u>BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED:</u>

**THE BOARD OF TRUSTEES OF ALABAMA A & M UNIVERSITY**
**c/o Dr. Andrew Hugine, Jr.,  President**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**DR. ANDREW HUGINE, JR.,  President**
**Alabama A & M University**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**KEVIN BALL, Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**GINGER HARPER ,Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**DR. HATTIE M. MYLES, Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**CHRIS ROBINSON, Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**ANDRE TAYLOR, Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**VELMA J. TRIBUE, Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**DR. JEROME B. WILLIAMS, Trustee,**
**THE BOARD OF TRUSTEES OF**
**ALABAMA A & M UNIVERSITY**
**4900 Meridian Street North**
**Huntsville, AL 35810**

**OLIVER L. ROBINSON**
**9640 Eastpointe Circle**
**Birmingham, AL 35217-5202**